# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
      **Plaintiff,**

  v.                                      Case No. 17-CR-121

**CHRISTOPHER CRITTENDON**
      **Defendant.**

## ORDER

Defendant Christopher Crittendon moves, pursuant to 18 U.S.C. § 3145(b), for review of the detention order issued on July 9, 2021, to allow his release to a third-party custodian and with conditions, and to hold a detention hearing to consider evidence supporting his motion. (R. 204 at 1.) The court reviews a detention order independently. See United States v. Wilks, 15 F.4th 842, 847 (7th Cir. 2021). In conducting such a review, the district court may "start from scratch" and hold a new hearing or evaluate the record of the proceedings before the magistrate judge. See United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991). For the reasons that follow, I deny the motion without hearing and continue the detention order.

**I.**

On June 27, 2017, the government obtained an indictment charging defendant with the June 29, 2016, robbery of the North Shore Bank, 18 U.S.C. § 2113(a), (d), and with brandishing a firearm during and in relation to that offense, 18 U.S.C. § 924(c). These charges carry a presumption of detention. 18 U.S.C. § 3142(e)(3)(B).

Defendant was initially arrested in Minnesota, where he resides, and the court there allowed release on conditions including participation in location monitoring ("LM"), reporting to

pre-trial services ("PTS") as directed, no drug or alcohol use, and drug testing. (R. 16 at 8-12.) When he appeared in this district on October 19, 2017, the court continued release on the same terms (R. 41), later removing the LM condition (R. 49).

On October 11, 2018, PTS petitioned for a bond revocation hearing, alleging a number of violations including alcohol consumption, a positive test for marijuana, and failure to check in as directed. (R. 109.) The court held a hearing on November 5, 2018, admonishing defendant for the violations and continuing bond. (R. 116).

PTS filed a second petition on June 27, 2019, indicating that defendant continued to violate his conditions, including further positive tests. (R. 134.) PTS recommended that defendant's bond be revoked due to his ongoing drug use and noncompliance. If the court continued him on bond, PTS recommended that the court modify his bond conditions to include participation in the LM program. (R. 137.) At the hearing on July 25, 2019, the court modified to add LM. (R. 140.)

On September 27, 2019, PTS filed a third petition, indicating that on September 22, 2019, defendant had been arrested for possession of a firearm. (R. 144.) On October 11, 2019, the court continued release on home detention. (R. 147.)

On March 20, 2020, PTS filed a fourth petition, indicating that defendant had cut off his LM device and his whereabouts were known. The court issued a warrant for his arrest. (R. 172.) On or about February 22, 2021, defendant was arrested on a number of new felony charges including assault with a dangerous weapon, threats of violence, and cocaine possession. (R. 195 at 6-7.) After he posted bond in these matters, he was returned to this court where, on July 9, 2021, he was ordered detained pending trial. (R. 196.) The case is currently set for trial on February 7, 2022.

**II.**

A defendant charged with an offense may be released on personal recognizance, released on conditions, temporarily detained, or detained. 18 U.S.C. § 3142(a). The court will order detention if it finds that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e)(1). In making this determination, the court considers the nature and circumstances of the offense charged, including whether the offense involves a controlled substance, firearm, explosive, or destructive device; the weight of the evidence against the defendant; the history and characteristics of the defendant; and the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

Certain offenses, including violations of 18 U.S.C. § 924(c), carry a rebuttable presumption that no condition(s) will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. 3142(e)(3)(B). This presumption shifts the burden of production to the defendant to come forward with some evidence that if released he will not flee or endanger the community. United States v. Portes, 786 F.2d 758, 764 (7th Cir. 1985). Even if it is rebutted, the presumption remains in the case as an evidentiary finding militating against release, although the ultimate burden of persuasion rests with the government. United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986). The government must prove danger by clear and convincing evidence, Portes, 786 F.2d at 764, and flight risk by a preponderance of the evidence, id. at 765.

A person who has been released may be subject to revocation of release and an order of detention if he violates a condition of release. 18 U.S.C. § 3148(a). Specifically, the court shall enter an order of revocation and detention if, after a hearing, the court:

3

> (1) finds that there is—
>> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that—
>> (A) based on the factors set forth in section 3142(g) of this title that there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>> (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b). Once detained, a defendant can seek to re-open the detention hearing if he presents new information which has a material bearing on the issue whether there are conditions of release that will reasonably assure his appearance and the safety of the community. 18 U.S.C. § 3142(f)(2).

**III.**

As the summary in section I. above makes clear, defendant violated his conditions of release numerous times, he continued to violate despite multiple hearing and modifications, and it highly unlikely that he will abide by any conditions if allowed release on bond now. Defendant suggests release to a third party custodian (R. 204 at 2-3), but the court can have no confidence that this arrangement will ensure compliance.

The government has also demonstrated risk of flight and danger to the community. Despite being released on strict conditions, defendant absconded from supervision and his whereabouts were unknown for close to a year, before his arrest on new felony charges. Defendant blames the poor decision to remove his LM device on untenable living conditions and the alleged unresponsiveness of his supervising agent (R. 204 at 4), but this cannot excuse his conduct. He suggests that worry about detention during the COVID-19 pandemic motivated

4

his lengthy period of absconding (R. 204 at 4), but this is also unsatisfying.

The reports provided after defendant's recent arrest also suggest significant danger. On December 28, 2020, defendant allegedly burst into the bedroom of a 15-year-old girl, put a gun to her head, punched her in the face, and struck her in the back of the head with the gun. Officers and medics observed injuries consistent with her reports, which were confirmed by another occupant of the house. (R. 195 at 7.) On February 22, 2021, police tried to arrest defendant on a warrant for his September 2019 firearm offense, but he ran, allegedly discarding a firearm during his flight. Officers allegedly found an extended magazine and several rock of suspected cocaine on his person. (R. 195 at 6.) Defendant maintains his innocence in these matters, which remain pending (R. 204 at 3), but the court has found probable cause that he committed these felonies.

While defendant does not have a significant criminal history, considering the seriousness of the offenses charged in this case, the weight of the evidence against him (summarized in the government's response, R. 207 at 5), and the violations of bond, defendant poses a clear danger to the community, as well as a flight risk. Finally, trial is just a few months away at this point, so defendant will not be detained for an extended time.

**IV.**

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 204) is denied.

Dated at Milwaukee, Wisconsin, this 6th day of December, 2021.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge